UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAVIER MERINO, <br><br> Defendant. | Case No.:  21cr1375 WQH <br><br> **ORDER** |

HAYES Judge:

The matter before the Court is the motion to permit electronic recording of evidentiary hearing (ECF No. 61-1) filed by Defendant.

On May 6, 2021, an indictment was filed charging Defendant with removed alien found in the United States in violation of  8 U.S.C. § 1326(a) and (b).  Trial was initially scheduled to begin on August 10, 2021.  On July 26, 2021, Defendant filed motions in limine which included a motion to dismiss and required further briefing and hearing. Subsequent to the filing of motions in limine, defense counsel notified the Court that Defendant required an interpreter in the Mixteco Bajo de Oaxaca language.

On August 26, 2021, the Court held a motion hearing with a Mixteco interpreter.

On September 7, 2021, Defendant filed a supplemental motion in limine seeking to exclude all statements made by Defendant in this case and prior prosecutions made without

the aid of a Mixteco interpreter. The motion states "The fact that Mr. Merino's native and primary language is Mixteco Bajo de Oaxaca was only recently ascertained by undersigned defense counsel." ECF No. 36 at 2. An evidentiary hearing is scheduled for February 18, 2022 with a court Mixteco Bajo de Oaxaca interpreter.

On September 13, 2021, Defense counsel filed the declaration of the Defendant stating in part, "I grew up speaking Mixteco Bajo de Oaxaca. That was the first language I learned. When I went to school, we spoke that language. I prefer to communicate in this language. I am fluent in the Mixteco Bajo de Oaxaca language." ECF No. 37.

On December 30, 2021, Defendant filed a motion to permit electronic recording of the evidentiary hearing.

On January 14, 2022, Plaintiff United States filed a response opposing the motion to permit electronic recording of the evidentiary hearing.

**ANALYSIS**

Defendant moves the Court to permit electronic recording of the evidentiary hearing "in order to have an independent interpreter review the in-court Mixteco Bajo de Oaxaca translations at the termination of the proceedings." ECF No. 61 at 4. Defendant asserts that the court interpreter for the evidentiary hearing is "language skilled" but not a court-certified Mixteco Bajo de Oaxaca interpreter. Defendant contends that an additional assurance to the accuracy of the interpretation is of the utmost importance. "Although [the court interpreter] appears to be a sufficient interpreter for the Court proceedings, the defense respectfully requests to have the electronic recordings to review with an independent interpreter after the hearing to ensure that the hearing was properly interpreted for [Defendant's] understanding and ability to assist in his defense." *Id*. at 5.

Plaintiff United States contends that Defendant presents no evidence to support a finding that Defendant has any problem communicating or understanding the court interpreter. The Government asserts that proceeding with the evidentiary hearing in reliance on the court-appointed interpreter and allowing the defense to object to the translations after the hearing is unworkable and unnecessary.

"'Under the Court Interpreters Act, a trial judge must use an interpreter in the courtroom if that judge determines that a party "speaks only or primarily a language other than the English language ... so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer.' 28 U.S.C. § 1827(d)(1)." *United States v. Si,* 333 F.3d 1041, 1042 (9th Cir. 2003). In this case, Defendant was provided with a Mixteco Bajo de Oaxaca interpreter at the earliest notice to the court. There is no evidence to support a finding that Defendant has any problem communicating or understanding the court interpreter. There are no facts to support an order to permit electronic recording of the evidentiary hearing.

IT IS HEREBY ORDERED that the motion to permit electronic recording of evidentiary hearing (ECF No. 61-1) is denied.

Dated: February 3, 2022

Hon. William Q. Hayes
United States District Court