UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JAVIER MERINO,<br><br>                              Defendant. | Case No.: 21cr1375 WQH<br><br>**ORDER** |

HAYES Judge:

The matter before the Court is the motion to disqualify counsel (ECF No. 77) filed by Plaintiff United States of America.

On April 28, 2021, Defendant was arrested, and a complaint was filed charging the Defendant with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Defendant made an initial appearance before the United States Magistrate Judge with the assistance of counsel and an interpreter in the Spanish language. Plaintiff United States made an oral motion to detain and a detention hearing was set for May 4, 2021.

On May 3, 2021, the counsel for the Government sent an initial plea offer to counsel for the Defendant.

On May 4, 2021, Defendant appeared before the Magistrate Judge with the assistance of counsel and an interpreter in the Spanish language. Defendant was ordered detained.

On May 5, 2021, counsel for the Government conveyed to counsel for the Defendant an additional offer, including a Fast Track departure.

On May 6, 2021, an indictment was filed charging Defendant with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). (ECF No. 11).

On May 7, 2021, the Magistrate Judge set an arraignment for May 10, 2021 at 9 a.m. The arraignment hearing did not take place. Neither defense counsel nor government counsel contacted the Court at that time.

On June 1, 2021, counsel for the Government contacted the Court to inquire about the arraignment date scheduled for May 10, 2021. Court staff responded on June 2, 2021 that the hearing "was inadvertently set on 5/10 when it should have been set for 5/11 and therefore never took place." (ECF No. 21-1 at 5). An arraignment was scheduled for June 3, 2021 at 9:30 a.m.

On June 2, 2021, defense counsel conveyed the fast-track offer to the Defendant and counseled the Defendant about the offer in the Spanish language.

On June 3, 2021, Defendant appeared before the Court with the assistance of counsel and an interpreter in the Spanish language. Defendant was arraigned before the Magistrate Judge on the indictment and entered a plea of not guilty. The Magistrate Judge set a motion hearing/trial setting appearance before the district judge for July 22, 2021.[1] The fast track offer remained open until June 11, 2021. Based upon Defendant's rejection of the plea offer, defense counsel did not return a signed plea agreement prior to June 11, 2021.

---

[1] In the normal course, the motion hearing/trial setting is set approximately five weeks after the arraignment. If the arraignment had taken place on May 10, 2021, the motion hearing/trial setting would have been set for July 1, 2021. The delay in the arraignment resulted in a delay in the motion hearing/trial setting before the district court judge. No party requested an earlier motion hearing date.

On July 15, 2021, Plaintiff United States filed a motion for fingerprint exemplars, reciprocal discovery, and leave to file further motions. (ECF No. 16).

On July 22, 2021, Defendant appeared before the district court for a motion hearing trial setting with the assistance of an interpreter in the Spanish language. Defense counsel informed the Court that counsel for Defendant would not need to view the A-file and that Defendant was ready for trial. The Court stated "All right. August 10, does that work for both sides?" Defense counsel responded, "Yes your honor. It works for the defense." (ECF No. 20 at 7). The Court set motion in limine hearing for August 9, 2021 and the trial for August 10, 2021.

On July 26, 2021, Defendant filed a motion to dismiss the indictment with prejudice on the grounds that more than 70 days of non-excludable time elapsed since the indictment was filed. Defendant asserted that "Day 70 was on July 23, 2021" and the Court must dismiss the indictment. (ECF No. 21 at 5). Plaintiff United States responded that the Speedy Trial Act had not been violated in this case.

Approximately one week after the July 22, 2021 motion hearing, defense counsel reviewed the Defendant's jail calls produced by the Government and "realized that Mr. Merino might speak a language other than Spanish or English as his first language." (ECF No. 91-1 at 4).

On or about August 13, 2021, counsel for Defendant "ascertained that [Defendant's] primary language is 'Mixteco.'" *Id.*

On or about August 24, 2021, counsel for Defendant conducted a phone meeting with Defendant with a Mixteco-language interpreter and "re-advised [Defendant] of his rights and summarized what had happened in this case. [Counsel for Defendant] reconveyed the fast-track offer to [Defendant] in Mixteco Bajo de Oaxaca and advised [Defendant] that he had the right to request that his court proceedings occur in his primary language. [Defendant] confirmed that he continued to reject the fast-track plea offer . . . and elected to have his proceedings occur in his primary language." *Id.* at 4-5.

1    On August 24, 2021, Defense counsel notified the Court that Defendant required the
2    assistance of an interpreter in the Mixteco Bajo de Oaxaca language.

3    On August 26, 2021, the Court held a motion hearing by VTC setting a motion in
4    limine hearing date and a trial date. Defendant was assisted by an interpreter in the Mixteco
5    Bajo de Oaxaca language.

6    On September 7, 2021, Plaintiff United States filed motions in limine.

7    On September 7, 2021, Defendant filed a supplemental motion in limine seeking to
8    exclude statements made by the Defendant in response to questioning in the Spanish
9    language "without the assistance of a Mixteco Bajo de Oaxaca interpreter." (ECF No. 36
10   at 3). Defendant moved to exclude statements made at the time of his apprehension,
11   statements made at the time of his interrogation, and any prior sworn statements made
12   under oath in any prior court proceeding without a Mixteco interpreter. The pleading in
13   support of the motion stated that "The fact that Mr. Merino's native and primary language
14   is Mixteco Bajo de Oaxaca was only recently ascertained by undersigned defense counsel.
15   After learning this information, defense counsel fully complied with their ethical
16   responsibilities to insure that Mr. Merino's relevant past and current communications with
17   counsel were conveyed in his native language and then filed this supplemental Motion *in*
18   *Limine*." *Id*. at 2.

19   Defendant asserted that his statements in the field in response to questions in Spanish
20   by the border patrol agent were not voluntary because he was not a native Spanish speaker.
21   Defendant asserted that "By failing to provide an interpreter [in Mixteco Bajo de Oaxaca]
22   and advising Mr. Merino of his rights in Spanish, Mr. Merino did not have the requisite
23   understanding of the rights he was abandoning and his waiver [of Miranda] was invalid."
24   *Id*. at 10. Defendant moved the Court to exclude "any statements made in prior civil or
25   criminal legal proceedings, where he was denied the assistance of a Mixteco interpreter,
26   on the grounds that the undue prejudice substantially outweighs the probative value of the
27   statements." *Id*. at 12.

28

On September 13, 2021, defense counsel filed the declaration of the Defendant stating:

> I grew up speaking Mixteco Bajo de Oaxaca. That was the first language I learned. When I went to school, we spoke that language. I prefer to communicate in this language. I am fluent in the Mixteco Bajo de Oaxaca language.
> If I were to make an important decision in my life, I would want to be informed about the consequences of that decision in Mixteco Bajo de Oaxaca.
> I speak some Spanish, but I am not fluent in the language. I can speak conversational Spanish. I do not understand legal terms in Spanish.
> None of the agents asked me what language I spoke. None of the agents asked me if I understood everything they were saying in Spanish. None of the agents asked me if I needed the help of an interpreter.
> If I had known I could have the help of a Mixteco interpreter, I would have requested that help.
> I did not understand everything the agents said to me. I was confused by some of the questions the agents asked me.
> I have not understood everything that has happened in court before my last hearing, because the interpreters were speaking Spanish.
> This declaration was read to me in my native language, Mixteco Bajo de Oaxaca.

(ECF No. 37).

On September 15, 2021, the Court denied the motion to dismiss on the grounds of a violation of the Speedy Trial Act. (ECF No. 43).

On February 18, 2022, the Court held an evidentiary hearing on the supplemental motion in limine seeking to suppress statements. Defendant was assisted by an interpreter in the Mixteco Bajo de Oaxaca language.

On March 11, 2022, Plaintiff United States filed a motion to disqualify counsel for Defendant. The Government contends that the factual position of the defense in support of the supplemental motion in limine seeking to exclude all statements made by Defendant without the assistance of a Mixteco Bajo de Oaxaca interpreter raises an irreconcilable conflict. The Government asserts that the "very basis of the motion to suppress raises

concerns regarding defense counsel's communications with Defendant up to the point the language issue was discovered and thus the effectiveness of defense counsel's representation of Defendant." (ECF No. 77 at 8). The Government asserts that the position of the defense that Defendant cannot make knowing and intelligent legal decisions without the assistance of a Mixteco interpreter is in direct conflict with any position that Defendant had a meaningful opportunity to consider the Fast Track offer with defense counsel before the offer expired as required by the Sixth Amendment.

Defendant contends that there is no conflict of interest in this case because defense counsel acted within their ethical and professional responsibilities by reconveying the fast-track offer to Defendant in Mixteco on August 24, 2021, confirming his desires, and notifying the Court's deputy to the language issue. Defendant contends that the motion to disqualify was filed for an improper tactical purpose to derail his defense on the eve of trial.

## RULING OF THE COURT

"It is well settled that the right to the effective assistance of counsel applies to certain steps before trial. The 'Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings.' Critical stages include arraignments, post indictment interrogations, post indictment lineups, and the entry of a guilty plea." *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (internal citations omitted). "The negotiations of a plea bargain is a critical phrase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). "[D]efense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye,* 566 U.S. at 145. A defense attorney's failure to effectively communicate a proposed plea bargain to her client before it expires can satisfy the first prong of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*

Facts not in dispute demonstrate: On June 2, 2021, Defense counsel "conveyed the fast-track offer to the Defendant in Spanish and counseled him about it." (ECF No. 91-1 at 4). Defense counsel states that Defendant "rejected the offer." *Id.* at 4. The offer expired on June 11, 2021. The case proceeded to motions and preparations for trial. In August, counsel for Defendant ascertained that Mixteco was Defendant's primary language. With the assistance of a Mixteco interpreter, counsel for Defendant re-advised Defendant of his rights, reconveyed the expired Fast Track plea offer, and advised the Court that Defendant had elected to have his proceedings occur in his primary language. On September 7, 2021, Defendant moved to exclude all in-court and out-of-court statements by Defendant made using the Spanish language and without the assistance of a Mixteco interpreter. Defendant asserted that, "By failing to provide an interpreter [in Mixteco Bajo de Oaxaca] and advising Mr. Merino of his rights in Spanish, Mr. Merino did not have the requisite understanding of the rights he was abandoning and his waiver [of Miranda] was invalid." (ECF No. 36. at 10). On September 11, 2021, Defendant stated in his affidavit, "I do not understand legal terms in Spanish" and "I have not understood everything that has happened in court before my last hearing, because the interpreters were speaking Spanish." (ECF No. 37 at 2).

In this case, Defendant's claim that he does not understand legal terms and cannot intelligently waive legal rights without the assistance of a Mixteco Bajo de Oaxaca interpreter is irreconcilable with the position that Defendant understood the terms of the Fast Track plea offer, knowingly and intelligently rejected the fast track plea offer prior to the expiration of the offer, and knowingly and intelligently chose to proceed to trial. Counsel for Defendant counseled Defendant in the Spanish language without a Mixteco interpreter for four months. During this period, Defendant made decisions regarding his case, including the critical decision to reject a Fast Track plea offer. The statements of the Defendant and the representations of counsel for Defendant support the conclusion that Defendant did not have the opportunity to meaningfully consider the Fast Track offer prior

to the expiration on June 11, 2021 and that Defendant did not have effective assistance of counsel from the time of his arrest through August 24, 2021.

Regardless of the outcome of the supplemental motion in limine to suppress statements, the factual position advanced by the defense that Defendant could not understand and knowingly waive his legal rights without the assistance of a Mixteco Bajo de Oaxaca interpreter is in direct conflict with any conclusion that Defendant made an informed and intelligent decision to reject the plea offer and proceed to trial in accord with his rights under the Sixth Amendment. Under the facts of this case, new counsel, free of factual positions irreconcilable with the protection of Defendant's Sixth Amendment rights, is required in order to "render the effective assistance the Constitution requires." *Missouri v. Frye*, 566 U.S. at 145.

In *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994), the Court of Appeals instructed that, absent effective assistance of counsel, the district court must "put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred." Faced with representations of the Defendant that he does not understand legal terms in Spanish and representations of counsel that Defendant cannot knowingly and intelligently waive rights stated to him in the Spanish language, the Court concludes it is not possible to know how the earlier stages of the plea negotiation process might have progressed without the purported language issue. *See Johnson v. Uribe*, 700 F.3d 413 (9th Cir. 2012) ("Johnson must [] be permitted to 'bargain' from the position he would have been in had his counsel correctly calculated the legal maximum sentence and valid sentencing enhancements."). In this case, Defendant must have the opportunity to consider the Fast Track plea offer made prior to June 11, 2021 with new counsel and without any purported language barrier.

IT IS HEREBY ORDERED that the motion to disqualify counsel is granted. Federal Defenders is relieved as counsel and Frank Morell is appointed to represent the Defendant. Plaintiff United States is ordered to reinstate the Fast Track plea offer made prior to June 11, 2021 for a reasonable period of time.

IT IS FURTHER ORDERED that the motion in limine hearing set for April 4, 2022 and the trial set for April 5, 2022 are vacated. A confirmation of counsel hearing is set for April 18, 2022 at 9:00 a.m.

Dated: March 28, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court